

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

**Court of Common Pleas**

**New Case Electronically Filed:**
**March 21, 2016 14:44**

By: MURRAY D. BILFIELD 0029074

Confirmation Nbr. 702515

| | |
|---|---|
| JANE DOE #1, ET AL. | CV 16 860698 |
| vs. | **Judge:** |
| MAYFIELD CITY SCHOOL DIST. BD OF EDUCATION, ET AL. | |
| | SHIRLEY STRICKLAND SAFFOLD |

Pages Filed: 28

**EXHIBIT A**

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| JANE DOE #1<br>6300 Rockside Road, Suite 204<br>Independence, Ohio 44131 | )<br>)<br>)<br>) | CASE NO. |
| and | )<br>) | JUDGE |
| JANE DOE #2<br>6300 Rockside Road, Suite 204<br>Independence, Ohio 44131 | )<br>)<br>)<br>) | COMPLAINT:WITH MOTION<br>FOR LEAVE TO PROCEED<br>UNDER THE PSEUDONYMS |
| and | )<br>) | JANE DOE #1 AND #2, AND JOHN<br>DOE #1, ANNEXED HERETO |
| JOHN DOE #1<br>6300 Rockside Road, Suite 204<br>Independence, Ohio 44131 | )<br>)<br>) | JURY DEMAND |
| Plaintiffs | )<br>) | |
| v | )<br>)<br>) | |
| MAYFIELD CITY SCHOOL DISTRICT BOARD<br>OF EDUCATION<br>1101 SOM Center Road<br>Mayfield Hts., Ohio 44023 | )<br>)<br>)<br>)<br>) | |
| and | )<br>) | |
| PHILLIP PRICE<br>Mayfield City School District Board Of Education<br>1101 SOM Center Road<br>Mayfield Hts., Ohio 44023 | )<br>)<br>)<br>)<br>) | |
| and | )<br>) | |
| JAMES A. LOEWER<br>315 Chatwick<br>Aurora, Ohio 44202 | )<br>)<br>)<br>) | |
| and | )<br>) | |
| KEITH KELLY<br>Mayfield City School District Board Of Education<br>1101 SOM Center Road<br>Mayfield Hts., Ohio 44023 | )<br>)<br>)<br>)<br>) | |
| and | )<br>) | |

**EXHIBIT A**

**GEORGE J. HUGHES**  )
**Mayfield City School District Board Of Education**  )
**1101 SOM Center Road**  )
**Mayfield Hts., Ohio 44023**  )
)
and  )
)
**AL HESS**  )
**Mayfield City School District Board Of Education**  )
**1101 SOM Center Road**  )
**Mayfield Hts., Ohio 44023**  )
)
and  )
)
**SUE GROSZEK**  )
**Mayfield City School District Board Of Education**  )
**1101 SOM Center Road**  )
**Mayfield Hts., Ohio 44023**  )
)
and  )
)
**RON FORNARO**  )
**Mayfield City School District Board Of Education**  )
**1101 SOM Center Road**  )
**Mayfield Hts., Ohio 44023**  )
)
and  )
)
**JIMMY TERESI**  )
**Mayfield City School District Board Of Education**  )
**1101 SOM Center Road**  )
**Mayfield Hts., Ohio 44023**  )
and  )
)
**JOHN DOE 2-32**  )
**Names and Addresses currently unknown**  )
**Former School Board Members**  )
**Mayfield City School District Board Of Education**  )
**1101 SOM Center Road**  )
**Mayfield Hts., Ohio 44023**  )
)
and  )
)
**JOELLE M. MAGYAR**  )
**Title IX Coordinator**  )
**Mayfield City School District Board Of Education**  )
**1101 SOM Center Road**  )
**Mayfield Hts., Ohio 44023**  )
)
and  )

**EXHIBIT A**

ROBERT G. ROSS                                      )
Title IX Coordinator                                )
Mayfield City School District Board Of Education    )
1101 SOM Center Road                                )
Mayfield Hts., Ohio 44023                           )
                                                    )
and                                                 )
                                                    )
JOHN DOE 33–43                                      )
Names and Addresses currently unknown               )
Former Title IX Coordinator                         )
Mayfield City School District Board Of Education    )
1101 SOM Center Road                                )
Mayfield Hts., Ohio 44023                           )
                                                    )
and                                                 )
                                                    )
JANE DOE 3-13                                       )
Names and Addresses currently unknown               )
Former Title IX Coordinator                         )
Mayfield City School District Board Of Education    )
1101 SOM Center Road                                )
Mayfield Hts., Ohio 44023                           )
                                                    )
and                                                 )
CLEVELAND CLINIC FOUNDATION dba                     )
CLEVELAND CLINIC SPORTS HEALTH                      )
By Serving the Statutory Agent                      )
CT CORPORATION SYSTEM                               )
1300 EAST 9TH STREET                                )
CLEVELAND, OHIO 44114                               )
                                                    )
and                                                 )
                                                    )
ESTATE OF DEAN T. OCHI                              )
By Serving the Special Administrator                )
GEORGE GLAVINOS, ESQ.                               )
815 Superior Avenue, Suite 1425                     )
Cleveland, Ohio 44114                               )
                                                    )
            Defendants                              )
                                                    )

*This cause of action arises from Defendants' deliberately indifferent response to an adult High School staff member's sexual abuse and sexual misconduct against a minor female student athlete on school premises, and subsequent sex-based harassment. Defendants' failure to promptly and appropriately investigate and respond to the sexual abuse and sexual misconduct subjected Plaintiff to further sexual abuse, misconduct, harassment and a hostile environment, effectively denying her access to educational opportunities. This action alleges violations of Title IX and the denial of equal protection of the laws under the Fourteenth Amendment to the U.S. Constitution.*

EXHIBIT A

Now come the Plaintiffs, by and through counsel, and for their Complaint state the following:

## PARTIES

1.      Plaintiff, Jane Doe #1 is a 19-year-old female and former student of Mayfield High School. Plaintiff moves this Court for leave, by separate Motion, to proceed under the pseudonym "Jane Doe #1", as she is the victim of childhood sexual abuse and publicity of her true identity will cause further unwarranted trauma to her. Plaintiff's true identity is currently known to Defendants, or will be made known to them upon request to Plaintiff's counsel.

2.      Plaintiff, Jane Doe #2, is the mother of Jane Doe #1.  Plaintiff moves this Court for leave, by separate Motion, to proceed under the pseudonym "Jane Doe #2", as the publicity of her true identity will cause further unwarranted trauma to Plaintiff, Jane Doe #1 and Jane Doe #2. Plaintiff's true identity is currently known to Defendants, or will be made known to them upon request to Plaintiff's counsel.

3.      Plaintiff, John Doe #1, is the father of Jane Doe #1.  Plaintiff moves this Court for leave, by separate Motion, to proceed under the pseudonym "John Doe #1", as the publicity of his true identity will cause further unwarranted trauma to Plaintiff, Jane Doe #1, Jane Doe #2, and John Doe #1. Plaintiff's true identity is currently known to Defendants, or will be made known to them upon request to Plaintiff's counsel.

4.      Defendant Mayfield City School District Board of Education (hereinafter "Mayfield School Board") was and is a political subdivision of the State of Ohio which operates a public school system in Cuyahoga County, Ohio. Mayfield High School is one of its public schools.

5.      Defendant Phillip Price (hereinafter "Price") was the Superintendent of Mayfield City School District from 1998-2012, who was also an employee and agent of Mayfield City School Board when he obtained information and committed the acts, omissions, failures to act, and grossly negligent conduct stated elsewhere in this Complaint.

EXHIBIT A

6.    Defendant James A. Loewer (hereinafter "Loewer") was the Principal of Mayfield High School from approximately 2001-2014, who was also an employee and agent of Mayfield City School Board when he obtained information and committed the acts, omissions, failures to act, and grossly negligent conduct stated elsewhere in this Complaint.

7.    Defendant Keith Kelly (hereinafter "Kelly") was the Superintendent of Mayfield City School District from 2012-present, who was also an employee and agent of Mayfield City School Board when he obtained information and committed the acts, omissions, failures to act, and grossly negligent conduct stated elsewhere in this Complaint.

8.    Defendants George J. Hughes, Al Hess, Sue Gorszek, Ron Fornaro, and Jimmy Teresi (hereinafter "Current School Board Members") are and were at all times material herein, current members of the Mayfield City School District Board of Education who contributed to and/or participated in the acts, omissions, failures to act, and grossly negligent conduct, as set forth below.  Furthermore, Current School Board Members obtained information relevant to the claims of Jane Does #1 and #2, and John Doe #1, and committed the acts, omissions, failures to act, and grossly negligent conduct stated elsewhere in this Complaint.

9.    Defendants John Does 2-23, whose names and addresses are currently unknown (hereinafter "Former School Board Members"), are and were at all times material herein, former members of the Mayfield City School Board of Education who contributed to and/or participated in the acts, omission, failures to act, and grossly negligent conduct, as set forth below.  Furthermore, Defendants Former School Board Members obtained information relevant to the claims of Jane Does #1 and #2, and John Doe #1, and committed the acts, omissions, failures to act, and grossly negligent conduct stated elsewhere in this Complaint.

10.    Defendants Joelle M. Magyar and Robert G. Ross (hereinafter "Title IX Coordinators"), are and were at all times material herein, the Title IX Coordinators who contributed to and/or participated in the acts, omission, failures to act, and grossly negligent conduct, as set forth below.  Furthermore,

**EXHIBIT A**

Defendants Title IX Coordinators obtained information relevant to the claims of Jane Does #1 and #2, and John Doe #1, and committed the acts, omissions, failures to act, and grossly negligent conduct stated elsewhere in this Complaint.

11.     Defendants John Does 33-43 and/or Jane Does 3-13, whose names and addresses are currently unknown (hereinafter "Former Title IX Coordinators"), are and were at all times material herein, former Title IX Coordinators for Defendant Mayfield School Board who contributed to and/or participated in the acts, omission, failures to act, and grossly negligent conduct, as set forth below. Furthermore, Defendants Former Title IX Coordinators obtained information relevant to the claims of Jane Does #1 and #2, and John Doe #1, and committed the acts, omissions, failures to act, and grossly negligent conduct stated elsewhere in this Complaint.

12.     Defendant The Cleveland Clinic Foundation dba Cleveland Clinic Sports Health (hereafter "the Clinic") was and is a public hospital and public hospital system whose principal place of business is at 9500 Euclid Avenue, Cleveland, Cuyahoga County, Ohio. The Clinic holds itself out and represents itself to be a full service hospital available to the general public for hospital care. Members of the public are invited to rely upon and use such facilities and to receive medical care and treatment from the officers, agents, employees and representatives of said hospital.

13.     Furthermore, at all times relevant herein, the Clinic advertised and marketed, by way of public media, the following slogan "EVERY LIFE DESERVES WORLD CLASS CARE®". The Plaintiffs, Jane Doe #2 and John Doe #1, in allowing Dean T. Ochi, an employee of the Cleveland Clinic, to provide athletic training services to their minor daughter, Plaintiff Jane Doe #1, at Mayfield High School, did so in reliance upon the public marketing of the clinic, which represents that each patient who receives treatment and care from officers, agents, and employees of the clinic would receive "world class care", and as such would not be exposed to harm nor the sexual grooming, sexual manipulation, and sexual exploitation of Jane Doe #1 committed by Dean T. Ochi, a Cleveland Clinic employee who was a sexual predator.

**EXHIBIT A**

14.     At all times relevant herein, Dean T. Ochi, was an employee, agent, servant and/or staff member of Defendant Mayfield School Board and/or Defendant the Cleveland Clinic Foundation, and was soliciting and/or transacting business on their behalf in Cuyahoga County, Ohio.  Dean T. Ochi died on August 7, 2014.  Defendant, George Glavinos, is the duly appointed and acting Special Administrator of the Estate of Dean T. Ochi being case number 2015 EST 203944 Cuyahoga County, Ohio Probate Court.

### FACTS COMMON TO ALL CAUSES OF ACTION

15.     Plaintiffs incorporate the allegations contained in paragraphs 1-14 as if fully rewritten herein.

16.     Pursuant to a *Confidential Athletic Trainer Services Agreement* between Mayfield School Board and the Clinic, the Clinic agreed to provide sports medicine and athletic training services to Mayfield School Board at Mayfield High School beginning on or about, or several years before, the 2002-2003 school year.  Dean T. Ochi, deceased (hereafter "Ochi"), was assigned by the Clinic to provide athletic training services at Mayfield High School on a part-time basis.  At this time, the full nature and extent of the contractual relationship between the Clinic and Mayfield School Board, as described above, is not fully known as it covers a 17-years period of time. A copy of one such *Confidential Athletic Trainer Services Agreement*, dated June 1, 2011, is attached as Exhibit "A". Plaintiffs believe other similar agreements between the Defendants existed for earlier and later years, but are not currently in the possession of the Plaintiffs.

17.     During the 2002-2003 school year, students, teaching faculty, and non-teaching employees at Mayfield High School complained about observed inappropriate conduct on the part of Ochi toward female student athletes, which included but was not limited to (1) creation of a hostile environment of sexual harassment; (2) sexual grooming of female student athletes by Ochi for his own sexual pleasure; (3) the creation of co-dependency relationships with the female student athletes by Ochi;

and (4) sexual touching of certain female student athletes by Ochi in the "guise" of sports injury treatment and/or sexual play.

18.     On or about March 24, 2003, Loewer, former Principal of Mayfield High School convened a meeting to confront Ochi with the complaints of observed inappropriate conduct between Ochi and numerous female student athletes. Present at the meeting were Loewer, two (2) Mayfield High School Assistant Principals, the Athletic Director of Mayfield High School, and Ochi.

19.     Upon completion of the meeting, the Mayfield School Board, by and through its employees and agents, consisting of Loewer, the two (2) Assistant Principals, and the Athletic Director, concluded that Ochi used poor judgment in failing to maintain appropriate student/staff relationships with female student athletes.  Furthermore, Loewer, the two (2) Assistant Principals, and the Athletic Director, established specific guidelines regarding Ochi's continued athletic training duties at Mayfield High School as a "supplemental staff member". The following guidelines regarding Ochi's continued athletic training duties at Mayfield High School were issued to him in a letter dated March 26, 2003: (a) discontinuing touching any female student athlete under her clothing; (b) discontinue engaging in friendly banter; (c) discontinue wrestling with female student athletes on the floor; (d) discontinue acting as a friend and a peer to the female students; (e) prohibited from starting athletic training until 2:00 p.m., which would eliminate the ongoing problems observed to have occurred during the lunch periods; (f) discontinue communicating with students outside of school by email and/or cellphone; and (g) discontinue providing students with passes so they could work out with him during lunch and study hall.

20.     The Mayfield School Board, Price and the Clinic were specifically aware of the March 24, 2003 Loewer meeting with Ochi, and the resulting conclusions and specific mandated changes in the conduct of Ochi; in that Price and the Clinic received a copy of the written "disciplinary" letter from Loewer to Ochi dated March 26, 2003 (annexed here at Exhibit "B").

21.     Thereafter, neither Mayfield School Board, Price, Loewer, Kelly, Current School Board Members, Former School Board Members, Title IX Coordinators, Former Title IX Coordinators, the

Clinic, nor any of their officers, agents, employees, supervisors or representatives, in anyway monitored, restricted, or acted to eliminate Ochi's improper conduct nor instituted any supervision of Ochi. As a direct consequence thereof, Ochi continued, unabated, the improper conduct which was the subject matter of Loewer's meeting and Loewer's letter to Ochi dated March 26, 2003. In particular, Ochi continued to: (1) create, encourage, and enable a hostile environment of sexual harassment; (2) sexually groom female student athletes for his own sexual pleasure; (3) create co-dependence relationships as "peers" and "friends" with certain "favorite" female student athletes; (4) sexually touch certain female student athletes in the guise of sports injury treatment and/or sexual banter and play; and (5) actually engage in sex acts with minor female student athletes before, during and after school.

22.    As a direct and proximate result of Mayfield School Board's, Price's, Loewer's, Kelly's, Current School Board Members', Former School Board Members', Title IX Coordinators', Former Title IX Coordinators', and the Clinic's failures to monitor, restrict and/or eliminate Ochi's improper conduct following the March 24, 2003 meeting, such failures: (a) endorsed, enabled, and encouraged an environment of sexual harassment and sexual grooming perpetrated by Ochi upon female students; (b) created a retaliatory and hostile environment preventing concerned students, teachers, and professional and non-professional staff from voicing their complaints and being heard; and (c) empowered and emboldened Ochi to engage in even further offensive and sexually abusive conduct toward female student athletes, actually engaging in sex acts before, during and after school, with minor female student athletes whom he had groomed,.

23.    The Mayfield School Board, Price, Loewer, Kelly, Current School Board Members, Former School Board Members, Title IX Coordinators, Former Title IX Coordinators, and the Clinic, over the next twelve (12) years, failed, in anyway whatsoever, to implement, supervise and/or monitor the mandated changes and specific policies the Mayfield School Board, by and through Defendant Loewer, had established for Ochi, as set out in Loewer's letter of March 26, 2003. With no supervision

EXHIBIT A

or monitoring whatsoever, Ochi engaged in more aggressive sexual harassment, sexual grooming of female student athletes; and enhancing the existing hostile environment at Mayfield High School.

24. Plaintiffs believe and therefore state that the Agreement between the Clinic and Mayfield School Board, effective June 1, 2011, automatically renewed for up to four (4) additional twelve (12) month terms, which allowed Ochi to remain as the part-time athletic trainer at Mayfield High School while being paid as a full-time Clinic employee (Exhibit "A").

25. During the 2012-2013 school year, Plaintiff Jane Doe #1 was a 16-year-old Junior at Mayfield High School who participated in women's varsity sports.

26. During the 2012-2013 school year, Ochi commenced sexually grooming Plaintiff Jane Doe #1 for a sexual relationship, while at the same time creating a co-dependency relationship.

27. During the 2013-2014 school year, while Jane Doe #1 was still a minor, Ochi exploited the opportunities enabled by Defendants and successfully completed his sexual grooming, sexual harassment and sexual abuse of Plaintiff, including multiple instances of sex acts with Jane Doe #1 on school grounds before, during and after school hours.

28. During the course of the sexual grooming of Jane Doe #1, and escalation of Ochi's sexual aggressiveness toward her, Jane Doe #1 felt helpless to stop the advances for fear of retaliation by Ochi, Mayfield School Administration, the Mayfield School Board, and/or one or more of the Defendants.

29. When Ochi's conduct with Plaintiff Jane Doe #1 became known in April 2014, Ochi was criminally charged with ten (10) counts of sexual battery against a minor, ORC §2907, felonies in the Third Degree; one (1) count of disseminating matter harmful to juveniles, ORC §2907, misdemeanor in the First Degree; and three (3) counts of Illegal Use of Minor in Nudity-Oriented Materials Or Performance, §2907, a felony in the Second Degree.

30. On or about August 7, 2014, prior to Ochi's arraignment in the Cuyahoga County Court of Common Pleas, he committed suicide.

**EXHIBIT A**

31.     Mayfield City School District receives federal funding.

32.     The Mayfield School Board is responsible for providing public education to minor students, including Plaintiff Jane Doe #1, through (a) oversight and supervision of all school functions, school property and school student programs; and (b) hiring, supervision, management, assignment, control and regulation of individuals who serve as staff members, including but not limited to athletic trainers, as well as the review and supervision of curricula developed by the district, schools and teachers.

33.     The Mayfield School Board is also responsible for all policies and procedures within the school. This charge and responsibility includes supervision and discipline of teachers, administrators, athletic trainers, and support staff, including but not limited to Ochi.

34.     The sexual abuse of Plaintiff Jane Doe #1 occurred while Plaintiff Jane Doe #1 was under the control of Ochi, in areas of the school to which Ochi had access by virtue of his position as the athletic trainer at Mayfield High School.

35.     Teachers and other members of the administration of Mayfield High School were mandated reporters of child abuse pursuant to Ohio law.

36.     Despite knowledge of Ochi's proclivity to sexually harass, offend and intimidate female student athletes, and knowledge of Ochi's grooming of female student athletes for sexual abuse and his own sexual pleasure, Defendants nevertheless: (a) permitted Ochi to have unsupervised access to various rooms and areas of the school; (b) permitted Ochi to have unsupervised contact with female student athletes before, during, after school hours; (c) failed to report the acts of Ochi to law enforcement that constituted sexual harassment, sexual grooming, sexual abuse, and illegal sexual contact with minor female student athletes; (d) failed to competently investigate the complaints of faculty and students about Ochi's sexually explicit conduct; (e) failed to warn and/or disclose to the female student athletes, including Plaintiff Jane Doe #1, the knowledge about Ochi's observed improper conduct; (f) failed to comply with the duties set forth in Mayfield School Board policies and procedures, and Ohio and Federal

law; (g) actively and purposely concealed Ochi's sexual harassment, sexual grooming and sexual abuse of female student athletes prior to the sexual abuse of Plaintiff Jane Doe #1; (h) were deliberately indifferent to the safety, security and well-being of female student athletes at Mayfield High School, including but not limited to Plaintiff Jane Doe #1; (i) prevented female student athletes, including Plaintiff Jane Doe #1, from receiving an education without as a condition of such education being sexual harassment, sexual grooming and sexual abuse; and (j) promoted school policies that fostered a climate to flourish where innocent female student athletes, including Plaintiff Jane Doe #1, were victims of sexual abuse.

**FIRST CAUSE OF ACTION**
(Title IX, 20 U.S.C. §1681, *et seq.* – The Mayfield School Board)

37.     Plaintiffs incorporate the allegations contained in paragraphs 1-36 as if fully rewritten herein.

38.     Title IX of the Education Amendment of 1972 requires that "No person… shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance…".

39.      No later than March 26, 2003, the Mayfield School Board possessed actual notice that it could be liable under Title IX for adult staff member-on-minor female student sexual harassment, sexual grooming, sexual discrimination and sexual abuse, due to the conduct of Ochi.

40.     No later than March 26, 2003, the Mayfield School Board possessed actual notice of Ochi's sexual harassment, sexual grooming, sexual discrimination and sexual abuse of female student athletes.

41.     No later than March 26, 2003, the Mayfield School Board possessed actual notice that Ochi had a high potential to sexually abuse female student athletes.

42.     Plaintiff Jane Doe #1, in 2013-2014, was subjected to discrimination in her education at Mayfield High School based on her gender in that she suffered adult staff member-on-minor female

student sexual harassment, sexual grooming and sexual abuse as a condition of her receipt of an education at Mayfield High School.

43.     The Mayfield School Board failed to take appropriate corrective action, thereby acting with deliberate indifference to the rights and safety of Plaintiff Jane Doe #1 in one or more of the following non-inclusive ways: (a) failing to report employee-on-student sexual harassment, sexual grooming and sexual abuse to appropriate authorities; (b) failing to cure or even attempt to cure obvious and known risks to all female student athletes at Mayfield High School placed in Ochi's supervision and authority; (c) failing to communicate any precautions, directives or educational materials that might be utilized between parent and child to identify inappropriate conduct that occurred between any student and adult, whether generally or specifically in relation to Ochi; (d) allowing Ochi to have unsupervised contact with female student athletes, including Plaintiff Jane Doe #1, without conducting, documenting and concluding a competent investigation into the allegations and specific facts brought to light prior to that time; and (e) allowing Ochi to have unsupervised access to various rooms and areas at Mayfield High School.

44.     The deliberate indifference, action, omissions, and failures to act described above caused Plaintiff Jane Doe #1 to suffer criminal sexual abuse by Ochi in 2013-2014.

45.     Title IX requires the Mayfield School Board to provide educational opportunity on an equal basis to all students regardless of their gender.

46.     The Mayfield School Board failed to comply with Title IX in that despite prior reports of observed sexual misconduct with minor female student athletes, the Mayfield School Board continued to allow Ochi unsupervised access to female student athletes and access to certain rooms and areas where Ochi had the privacy to carry out the sexual abuse of female student athletes, including Plaintiff Jane Doe #1.

**EXHIBIT A**

47.     The Mayfield School Board failed to comply with Title IX in that it failed to ensure that the education provided to female students would be on an equal basis compared to the education provided by the Mayfield School Board to male student athletes.

48.     20 U.S.C. §1981 affords Plaintiff Jane Doe #1 a civil cause of action for damages. 42 U.S.C. §1988 identifies damages, court costs, litigation expenses and attorney's fees as within the remedies available in an action brought pursuant to 20 U.S.C. §1981.

49.     As a direct and proximate result of the conduct, actions, failures to act, and inactions of the Mayfield School Board as described herein, Plaintiff Jane Doe #1 has sustained severe and permanent bodily injury, sickness and/or disease, including but not limited to sleep disturbance, nightmares, depression, post-traumatic stress disorder, fatigue, social anxiety, anger, panic attacks, and as a result thereof she has and will continue to experience: (a) physical and mental pain and suffering; (b) emotional distress; (c) loss of a normal life; (d) medical and counseling expenses; (e) loss of school grants and scholarships; and (f) lost wages.

**SECOND CAUSE OF ACTION**
(42 U.S.C. §1983 – The Mayfield School Board)

50.     Plaintiffs incorporate the allegations contained in paragraphs 1-49 as if fully rewritten herein.

51.     The Mayfield School Board established, through both action and inaction, a widespread policy, practice or custom of allowing sexual harassment, sexual grooming, sexual abuse and misconduct to occur without corrective action.

52.     Such policy, practice or custom includes, but is not limited to: (a) failing to report employee-on-student sexual harassment, sexual grooming, and sexual abuse of female students to appropriate authorities; (b) failing to cure or even attempt to cure obvious and known risks to female student athletes at Mayfield High School placed under Ochi's supervision and authority; (c) failing to communicate any precautions, directives or educational materials that might be utilized between parent

**EXHIBIT A**

and child to identify inappropriate conduct that occurred between any student and adult, whether generally or specifically in relation to Ochi; (d) allowing Ochi to have unsupervised contact with female student athletes, including Plaintiff Jane Doe #1, without conducting, documenting and concluding a competent investigation into the allegations and specific facts brought to light prior to that time; and (e) allowing Ochi to have unsupervised access to various rooms and areas at Mayfield High School while having absolutely no effective plan for supervision or surveillance of Ochi.

53. The Mayfield School Board established such policy, practice or custom which fostered a climate facilitating sexual abuse of female students, particularly female student athletes, by Ochi and evidenced a reckless disregard and/or a deliberate indifference to the consequence that such action or inaction may, and did, have on female student athletes at Mayfield High School, including Plaintiff Jane Doe #1.

54. The Mayfield School Board Members and Administrators had final policymaking authority of Mayfield High School and exercised that granted authority in making decisions that perpetuated and/or enabled the sexual abuse of Plaintiff Jane Doe #1 by Ochi and caused Plaintiff's harm to occur and/or continue.

55. Plaintiff Jane Doe #1 was deprived of her constitutional liberty interest and equal protection under the Fourteenth Amendment by the Mayfield School Board's creation and promotion of policies, customs, or practices that fostered a climate to flourish where female student athletes, including Plaintiff Jane Doe #1, were left vulnerable to and actually were subject to sexual abuse by Ochi, an agent, representative and/or employee of the Mayfield School Board.

56. The Mayfield School Board's conduct was arbitrary and offensive, shocking the conscience and interfering with female student athletes', including Plaintiff Jane Doe #1's, rights and liberties granted by the Constitution and protected by law.

**EXHIBIT A**

57.     20 U.S.C. §1983 affords Plaintiff Jane Doe #1 a civil cause of action for damages. 42 U.S.C. §1988 identifies damages, court costs, litigation expenses and attorney's fees as within the remedies available in an action brought pursuant to 20 U.S.C. §1983.

58.     As a direct and proximate result of the conduct of the Mayfield School Board as described herein, Plaintiff Jane Doe #1 has sustained severe and permanent bodily injury, sickness and/or disease, including but not limited to sleep disturbance, nightmares, depression, post-traumatic stress disorder, fatigue, social anxiety, anger, panic attacks, and as a result thereof she has and will continue to experience: (a) physical and mental pain and suffering; (b) emotional distress; (c) loss of a normal life; (d) medical and counseling expenses; (e) loss of school grants and scholarships; and (f) lost wages.

59.     The conduct of the Mayfield School Board constituted a violation of trust or confidence, showing complete indifference to or conscious disregard for the safety and well-being of Plaintiff Jane Doe #1 and other female student athletes.

60.     Justice and the public good require an award of punitive or exemplary damages in such sum which will serve to punish the Mayfield School Board and to deter like conduct.

**THIRD CAUSE OF ACTION**
(42 U.S.C. §1983 – Price, Loewer, Kelly, Current School Board Members,
Former School Board Members, Title IX Coordinators, and Former Title IX Coordinators)

61.     Plaintiffs incorporate the allegations contained in paragraphs 1-60 as if fully rewritten herein.

62.     Prior to Plaintiff Jane Doe #1's abuse by Ochi, Price and/or Loewer and/or Kelly and/or Current School Board Members and/or Former School Board Members and/or Title IX Coordinators and/or Former Title IX Coordinators knew or reasonably should have known that Ochi exhibited dangerous propensities as a sexual predator and was a threat of harm to female student athletes, including Plaintiff Jane Doe #1.

63.     Price and/or Loewer and/or Kelly and/or Current School Board Members and/or Former School Board Members and/or Title IX Coordinators and/or Former Title IX Coordinators were uniquely

.

aware of Ochi's propensity to commit acts of sexual harassment, sexual grooming, sexual abuse or sexual misconduct against female student athletes, including Plaintiff Jane Doe #1, making Ochi's future sexual misconduct and the harm that was likely to result from that future sexual misconduct reasonably foreseeable to Price and/or Loewer and/or Kelly and/or Current School Board Members and/or Former School Board Members.

64.     Price and/or Loewer and/or Kelly and/or Current School Board Members and/or Former School Board Members and/or Title IX Coordinators and/or Former Title IX Coordinators were uniquely aware that Ochi had used Mayfield High School to perpetrate acts of sexual harassment, sexual grooming, sexual abuse and/or misconduct against female student athletes to which Ochi had access by and through his position as a part-time athletic trainer for Mayfield High School.

65.     Price and/or Loewer and/or Kelly and/or Current School Board Members and/or Former School Board Members and/or Title IX Coordinator and/or Former Title IX Coordinators consciously chose to ignore complaints of sexual harassment, sexual grooming, sexual abuse and sexual misconduct, ignored complaints, failed to respond to allegations of misconduct and acted with deliberate indifference to the right of female student athletes, including Plaintiff Jane Doe #1.

66.     Plaintiff Jane Doe #1 was deprived of her constitutional liberty and equal protection interests under the Fourteen Amendment by Price's and/or Loewer's and/or Kelly's and/or Current School Board Members' and/or Former School Board Members' and/or Title IX Coordinator's and/or Former Title IX Coordinators' creation and promotion of policies, customs or practices that fostered a climate to flourish where female student athletes, including Plaintiff, were left vulnerable to and actually were subject to sexual abuse, sexual grooming and sexual harassment by Ochi, an agent, servant and/or employee of Mayfield City School District.

67.     The conduct of Price and/or Loewer and/or Kelly and/or Current School Board Members and/or Former School Board Members and/or Title IX Coordinators and/or Former Title IX Coordinators

**EXHIBIT A**

was arbitrary and offensive, shocking the conscience and interfering with female student athletes', including Plaintiff Jane Doe #1's, rights and liberties granted by the Constitution and protected by law.

68.     42 U.S.C. § 1983 affords Plaintiff Jane Doe #1 a civil cause of action for damages. 42 U.S.C. § 1988 identifies damages, court costs, litigation expenses and attorney's fees as within the remedies available in an action brought pursuant to 42 U.S.C. § 1983.

69.     As a direct and proximate result of the conduct of Price and/or Loewer and/or Kelly and/or Current School Board Members and/or Former School Board Members and/or Title IX Coordinators and/or Former Title IX Coordinators, as described herein, Plaintiff Jane Doe #1 has sustained severe and permanent bodily injury, sickness and/or disease, including but not limited to sleep disturbance, nightmares, depression, post-traumatic stress disorder, fatigue, social anxiety, anger, panic attacks and as a result thereof she has and will continue to experience: (a) physical and mental pain and suffering; (b) emotional distress; (c) loss of a normal life; and (d) medical and counseling expenses.

70.     The conduct of Price and/or Loewer and/or Kelly and/or Current School Board Members and/or Former School Board Members and/or Title IX Coordinators and/or Former Title IX Coordinators constituted a violation of trust or confidence, showing complete indifference to or conscious disregard for the safety and well-being of Plaintiff Jane Doe #1 and other female student athletes.

71.     Justice and the public good require an award of punitive or exemplary damages in such sum which will serve to punish Price and/or Loewer and/or Kelly and/or Current School Board Members and/or Former School Board Members and/or Title IX Coordinators and/or Former Title IX Coordinators and to deter like conduct.

### FOURTH CAUSE OF ACTION
(Negligence – All Defendants)

72.     Plaintiffs incorporate the allegations contained in paragraphs 1-71 as if fully rewritten herein.

**EXHIBIT A**

73.     Ochi, while acting in the course and scope of his duties as a full-time Cleveland Clinic athletic trainer and a part-time athletic trainer for Mayfield High School, which part-time position was part of his job responsibilities for his full-time employment with the Cleveland Clinic, sexually groomed and, thereafter, sexually abused Plaintiff Jane Doe #1, a minor, in violation of O.R.C. §2907.03(A)(7) (Sexual Battery by a School Employee Against a Student); §2907.31(A)(1) (Disseminating Matter Harmful to Juveniles); and §2907.323(A)(1) (Illegal Use of a Minor in Nudity Oriented Material).

74.     Defendants Mayfield School Board, Price, Kelly, Loewer, Current School Board Members, Former School Board Members, Title IX Coordinators, Former Title IX Coordinators, and/or the Clinic negligently and carelessly disregarded numerous prior warnings and complaints made by its officers, agents, employees, teachers, support staff, and students against the improper conduct and behavior of Dean T. Ochi.

75.     Defendants Mayfield School Board, Price, Kelly, Loewer, Current School Board Members, Former School Board Members, Title IX Coordinators, Former Title IX Coordinators, and/or the Clinic had independent duties to report any sexual abuse allegations or suspicious conduct of Dean T. Ochi, both pursuant to O.R.C. §2151.421 and at law.

76.     Defendants breached their respective duties to report such sexual abuse of a student pursuant to O.R.C. §2151.421.

77.     Defendants' joint and several actions constitute negligence per se and, therefore, exempted from application of §2744 *et seq*. ORC pursuant to ORC §2744.02(B)(5).

78.     Plaintiffs further state that Defendants, through their employees, agents and assigns, negligently and carelessly failed to properly report said sexual abuse occurring to Plaintiff Jane Doe #1 at the hands of Dean T. Ochi, once said abuse was known.

79.     Defendants negligently and carelessly failed to properly monitor, restrict, and remove Dean T. Ochi, having prior knowledge of his proclivity to sexually groom and sexually abuse female student athletes.

**EXHIBIT A**

80.     Defendants negligently and carelessly failed to establish proper procedures for accountability, and negligently failed to establish proper rules, regulations and policies for monitoring, reviewing and supervising said employees.

81.     Defendants negligently and carelessly failed to properly investigate said complaints.

82.     Defendants knew or should have known of said sexual abuse. Further, said abuse was foreseeable.

83.     Defendants acted with malicious purpose, in bad faith, and/or in a wanton or grossly reckless manner.

84.     Plaintiff Jane Doe #1's injuries were a direct and proximate result of Defendants' negligence, carelessness, and/or grossly negligent conduct.

85.     As a direct and proximate result of Defendants' negligence and carelessness, and without any negligence on the part of Plaintiff Jane Doe #1 contributing thereto, Plaintiff suffered damages as previously set forth herein.

### FIFTH CAUSE OF ACTION
(Medical Negligence – Clinic)

86.     Plaintiffs incorporate the allegations contained in paragraphs 1-85 as if fully rewritten herein.

87.     Plaintiff, Jane Doe #1, states that she was a female student athlete at Mayfield High School, and during that time Ochi provided her with athletic training services.

88.     Plaintiff, Jane Doe #1, states that the Clinic was negligent in the hiring, assignment, training, supervision, and retention of Ochi as athletic trainer at Mayfield High School. The Clinic knew or should have known of Ochi's proclivity to sexually groom and sexually abuse, for his own sexual pleasure, the female student athletes for whom he was responsible and assigned to administer their care and treatment as an athletic trainer.

89.     As a direct and proximate result of the Clinic's acts and negligence, and without any

**EXHIBIT A**

negligence on the part of Plaintiff Jane Doe #1 contributing thereto, Plaintiff, Jane Doe #1, has sustained severe and permanent bodily injury, sickness and/or disease, including but not limited to sleep disturbance, nightmares, depression, post-traumatic stress disorder, fatigue, social anxiety, anger, panic attacks, and as a result thereof she has and will continue to experience: (a) physical and mental pain and suffering; (b) emotional distress; (c) loss of a normal life; (d) loss of school grants and scholarships; (e) and medical, counseling, and mental health expenses.

90.     As a direct and proximate result of the Clinic's acts and negligence, and without any negligence on the part of Plaintiff Jane Doe #1 contributing thereto, Plaintiff, Jane Doe #1, has incurred medical, hospital and miscellaneous expenses and will continue to incur such expenses in the future due to the permanent nature of her injuries.

91.     As a direct and proximate result of the Clinic's acts and negligence, and without any negligence on the part of Plaintiff Jane Doe #1 contributing thereto, Plaintiff, Jane Doe #1, was caused to endure pain, suffering, and disability, and Plaintiff Jane Doe #1's injuries will continue to cause her pain, suffering and disability in the future due to the permanent nature of her injuries.

92.     As a direct and proximate result of the Clinic's acts and negligence, and without any negligence on the part of Plaintiff Jane Doe #1 contributing thereto, Plaintiff, Jane Doe #1, has lost the ability to perform her usual functions and the loss and enjoyment of her life, as a well as the aforementioned damages and losses.

### SIXTH CAUSE OF ACTION
(Breach of Contract-Third Party Beneficiary - Mayfield School Board and Clinic)

93.     Plaintiffs incorporate the allegations contained in paragraphs 1-92 as if fully rewritten herein.

94.     At various times prior to March 24, 2003 and at times thereafter, including June 1, 2011, the Clinic entered into *Confidential Athletic Trainer Services Agreements* with Mayfield School Board to provide the School Board with the services of Cleveland Clinic sports medicine and an athletic trainer for

EXHIBIT A

the student athletes at Mayfield High School. Such agreements were for the direct benefit of the Plaintiff, as a female student athlete at Mayfield High School.

95.     By virtue of the principles of third party beneficiary, Defendants Clinic and Mayfield School Board were contractually obligated to Plaintiff to provide competent, knowledgeable, and safe athletic training services for her at Mayfield High School. Defendants Clinic and Mayfield School Board, individually and jointly, breached such *Confidential Athletic Trainer Services Agreements* by failing to provide an athletic trainer at Mayfield High School who did not have a propensity and proclivity to sexually harass, offend, intimidate, and sexually groom female student athletes for his own sexual pleasure. Both Defendants knew or should have known of Ochi's known propensity and proclivity to sexually groom, and thereafter, sexually abuse female student athletes. Such failures, individually and jointly, by both Defendants breached their contractual third party beneficiary obligations to the Plaintiff.

96.     As a direct and proximate result of the breach of the *Confidential Athletic Trainer Services Agreement* by Mayfield School Board and the Clinic, Plaintiff Jane Doe #1 incurred the damages and other losses as detailed herein.

### SEVENTH CAUSE OF ACTION
(Negligent Hiring/Retention - Mayfield School Board and Clinic)

97.     Plaintiffs incorporate the allegations contained in paragraphs 1-96 as if fully rewritten herein.

98.     The Defendants Mayfield School Board and the Clinic have a duty to properly evaluate, screen and monitor its staff to assure that the children and minor student/patients are properly educated and protected from any sexual abuse at the hands of agents and employees of Mayfield School Board and the Clinic.

99.     In 2002-2003 school year, or at an earlier time period, Mayfield School Board entered into a *Confidential Athletic Trainer Services Agreement* with the Clinic, as a result of which Ochi, as an

EXHIBIT A

employee of the Clinic, was appointed to serve as a part-time athletic trainer at Mayfield High School during limited days and hours.

100.    Ochi's responsibilities were to provide competent, knowledgeable and safe athletic training services to the student athletes at Mayfield High School.

101.    Ochi, knowing that Plaintiff Jane Doe #1 was a minor, vulnerable, and immature, forced himself upon her, created a co-dependence relationship, manipulated her, seduced her, and engaged in sexual activities with her in violation of State and Federal laws, and Mayfield School Board's and the Cleveland Clinic's Anti-Harassment policies.

102.    Ochi's acts were foreseeable, as it was widely known by the Mayfield High School Administration, Teachers, its other Professional Staff, its Sports and Coaching staff, and students that Ochi had engaged in such sexual predatory actions for years with other Mayfield High School female student athletes prior to Plaintiff Jane Doe #1.

103.    Defendants Mayfield School Board and the Clinic knew or should have known about the improper physical and sexual contact and conduct between female student athletes and Ochi, and his criminal and/or tortious propensities.

104.    The Defendants Mayfield School Board and Clinic negligently and carelessly failed to properly conduct a pre-hiring investigation interview, monitor, supervise, and/or discipline Ochi during his assignment as a part-time athletic trainer at Mayfield High School. Further, said Defendants failed to re-evaluate Ochi when his observed misconduct with female student athletes was discovered in March 2003.

105.    Defendants Mayfield School Board and the Clinic acted with malicious purpose, in bad faith, or in a grossly negligent, wanton or reckless manner in retaining Ochi as an employee.

106.    As a direct and proximate result of Defendants' negligence and carelessness, grossly negligent and wanton or reckless conduct, Plaintiff Jane Doe #1 suffered damages as previously set forth herein.

**EXHIBIT A**

**EIGHTH CAUSE OF ACTION**
(Negligent Infliction of Emotional Distress – All Defendants)

107.    Plaintiffs John Doe #1 and Jane Doe #2 incorporate the allegations contained in paragraphs 1-106 as if fully rewritten herein.

108.    The Clinic's, Mayfield School Board's, Price's, Loewer's, Kelly's, Current School Board Members', Former School Board Members', Title IX Coordinators', Former Title IX Coordinators', and the Ochi's actions were negligent.

109.    Plaintiffs, John Doe #1 and Jane Doe #2, suffered serious emotional distress, which was a direct and proximate result of the negligence of the Defendants.

110.    The serious emotional distress of the Plaintiffs, John Doe #1and Jane Doe #2, was reasonably foreseeable by the Defendants at such time.

**NINTH CAUSE OF ACTION**
(Intentional Infliction of Emotional Distress – Price, Loewer, Kelly, Current School Board Members, Former School Board Members, Title IX Coordinators, Former Title IX Coordinators, and Ochi)

111.    Plaintiffs incorporate the allegations contained in paragraphs 1-110 as if fully rewritten herein.

112.    Price, Loewer, Kelly, Current School Board Members, Former School Board Members, Title IX Coordinators, Former Title IX Coordinators, and/or Ochi either intended to cause emotional distress, or new or should have known that actions taken would result in serious emotional distress to Plaintiff Jane Doe #1.

113.    The aforesaid conduct of Price, Loewer, Kelly Current School Board Members, Former School Board Members, Title IX Coordinator, Former Title IX Coordinators, and/or Ochi was extreme and outrageous that went well beyond all possible bounds of decency and should be considered utterly intolerable in a civilized community.

114.    As a direct and proximate result of Price's, Loewer's, Kelly's Current School Board Members', Former School Board Members', Title IX Coordinators', Former Title IX Coordinators',

**EXHIBIT A**

and/or Ochi's outrageous conduct, Plaintiff Jane Doe #1 has suffered serious and severe emotional distress that no reasonable person can be expected to endure.

### TENTH CAUSE OF ACTION
(Loss of Consortium – All Defendants)
(Loss of Employment – Christine)

115.    Plaintiffs incorporate the allegations contained in paragraphs 1-114 as if fully rewritten herein.

116.    Plaintiffs Jane Doe #2 and John Doe #1are the parents of Jane Doe #1.

117.    As a direct and proximate cause of Defendants' negligent and intentional actions, Plaintiffs Jane Doe #2 and John Doe #1have incurred extraordinary expenses in obtaining treatment and care for their child Jane Doe #1, and will, with reasonable certainty, continue to incur such expenses in the indefinite future.

118.    Plaintiffs further state that plaintiffs have sustained financial loss as a result of the treatment of plaintiff for the emotional scars.

119.    Further, said emotional problems have caused an interruption and alteration of normal family life, now and into the future.

120.    Further, Plaintiff, Jane Doe #2, lost her part-time employment.

121.    As a direct and proximate cause of Defendants' action Plaintiffs suffered damages as previously set forth herein.

### ELEVENTH CAUSE OF ACTION
(Civil Assault and Battery - Ochi)

122.    Plaintiffs incorporate the allegations contained in paragraphs 1-121 as if fully rewritten herein.

123.    Ochi, without privilege to do so, committed assault and battery upon Plaintiff Jane Doe #1 as described above.

**EXHIBIT A**

124.    As a direct and proximate result of Ochi's assault and battery, Plaintiff Jane Doe #1 has suffered the damages outlined above.

WHEREFORE, Plaintiffs demand judgment against Defendants jointly and severally in the amount greater than $25,000.00 compensatory damages, greater than $25,000.00 punitive damages, plus attorney fees, costs and any other relief this Court may deem as fair and equitable.

Date: 03/21/2016                                    Respectfully submitted,


_____/s/ Murray D. Bilfield_____
**MURRAY D. BILFIELD (0029074)**
Bilfield & Associates
6300 Rockside Road, Suite 204
Independence, Ohio 44131
216-696-5297 / 216-573-9725 FAX
mbilfield@bilfieldandassociates.com
*Attorney for Plaintiffs*

**EXHIBIT A**

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| JANE DOE #1, et al. | ) | CASE NO. |
| | ) | |
| Plaintiffs | ) | |
| | ) | JUDGE |
| v | ) | |
| | ) | |
| MAYFIELD CITY SCHOOL DISTRICT BOARD | ) | **PLAINTIFFS' JOINT MOTION,** |
| OF EDUCATION, et al. | ) | **PURSUANT TO SUP. R. 45, FOR** |
| | ) | **LEAVE TO PROCEED UNDER** |
| Defendants | ) | **THE PSEUDONYMS JANE DOE** |
| | ) | **#1 AND #2, AND JOHN DOE #1** |
| | ) | |

Now come the Plaintiffs in the within action, designated Jane Doe #1, Jane Doe #2, and John

Doe #1, by and through their counsel of record, and move this Court for leave, pursuant to the authority

of Sup. R. 45 Rules of Superintendence for the Courts of Ohio and Public Policy, to proceed under those

pseudonyms, for the reason that publicity and public knowledge of their true identities will cause further

unwarranted trauma to the Plaintiffs, and their true identities are already well known to all Defendants,

based upon what occurred, as set out in the Complaint filed herein.  Said Motion is also based upon the

Brief annexed hereto and incorporated herein.

Respectfully submitted,


_____/s/ Murray D. Bilfield_____
**MURRAY D. BILFIELD (0029074)**
Bilfield & Associates
6300 Rockside Road, Suite 204
Independence, Ohio 44131
216-696-5297 / 216-573-9725 FAX
mbilfield@bilfieldandassociates.com
*Attorney for Plaintiffs*

**EXHIBIT A**

## BRIEF

The within action involves claims concerning the sexual grooming and sexual abuse of Plaintiff Jane Doe #1 while she was a minor student at Mayfield High School. All Plaintiffs move this Court, pursuant to the authority of Sup. R. 45 Rules of Superintendence for the Courts of Ohio, for leave to proceed under the pseudonyms Jane Doe #1, Jane Doe #2, and John Doe #1.  Any publicity concerning these allegations will cause further unwarranted trauma and injury to all three (3) Plaintiffs, similar to what they experienced during the subject time period. Furthermore, because of the significance of the allegations and pre-suit communications between legal counsel for all parties, the identities of the Plaintiffs are well known to all Defendants.

Date: 03/21/2016                                    Respectfully submitted,


                                                    /s/ Murray D. Bilfield
                                                    **MURRAY D. BILFIELD (0029074)**
                                                    Bilfield & Associates
                                                    6300 Rockside Road, Suite 204
                                                    Independence, Ohio 44131
                                                    216-696-5297 / 216-573-9725 FAX
                                                    mbilfield@bilfieldandassociates.com
                                                    *Attorney for Plaintiffs*

**EXHIBIT A**